UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME WALKER,

          Plaintiff,

v.                                              Case No. 24-cv-553-pp

HANNAH UTTER, *et al.*,

          Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 24), DENYING AS MOOT PLAINTIFF'S MOTION FOR HELP WITH LEGAL WORK (DKT. NO. 24), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 24), DENYING PLAINTIFF'S MOTION FOR INJUNCTION (DKT. NO. 29), DENYING AS MOOT DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT ON THE MERITS (DKT. NO. 37) AND SETTING DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES**

      Plaintiff Jerome Walker, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case alleging violations of his civil rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against the defendants—Hannah Utter, Virginia Trzebiatowski, Cassandra Baier, William Swiekatowski, James Koehler, Jodene Perttu, Ross Hofmann and M. Prebeg—based on his claim that on September 15, 2022, they allegedly denied him the TENs unit he needed for pain management. Dkt. No. 9 at 10. After the defendants answered the complaint, dkt. nos. 18, 19, the court issued a scheduling order setting deadlines for discovery and motion practice, dkt. no. 20. This order addresses

1

motions the parties have filed and sets new deadlines for the parties to complete discovery and file motions for summary judgment on the merits.

I.  **Plaintiff's Motion for an Extension /for Help with Legal Work/to Appoint Counsel (Dkt. No. 24)**

The plaintiff states that he sent an authorization form to Attorney John Reid (counsel for Trzebiatowski) but he forgot to include his birthdate, so he sent another one but Attorney Reid said he did not receive it. Dkt. No. 24 at 1. The plaintiff says he includes the authorization form(s) as attachments to the instant motion, so that he can know that Attorney Reid received it. Id.; Dkt. No. 24-1. The plaintiff states that the defendants have asked him for discovery, and that the plaintiff sent "it" to another incarcerated individual—James Lewis— who is helping him; the plaintiff says that Lewis said he did not get "it." Dkt. No. 24 at 1. The plaintiff states that he had his brother call Attorney Reid; the plaintiff says that he called Reid three times, that one time Reid picked up but that when "she" gave Reid the plaintiff's name, Reid hung up. Id. He says that he called the "AAG" twice and "they both did not pick up." Id. The plaintiff says that he is trying to find the legal work, that the institution told him it was sent out on August 16, 2024 but that TextBehind (the company that handles mail for the Wisconsin Department of Corrections) or the institution "did not give it to him [possibly Mr. Lewis]." Id.

The plaintiff reports that he has issues with mail at the institution and that is why he asked Attorney Reid to send a copy directly to James Lewis; he says that Reid wrote him back and that he's going to "sent that to you and TextBehind can send it to him Because they keep copie [sic] of all mail that

2

comes to them and the Institution can also make copie [sic] of it and I need you to help me Find my Legal work." Id. at 1-2.

The plaintiff also says he needs more time to send the discovery to the defendants. Id. at 2. He states that he needs help getting his legal work, and that counsel for the State defendants can tell "them" to give it to James Lewis. Id. Alternatively, the plaintiff requests that the court give him a lawyer. Id.

In response to the plaintiff's motion, Attorney Reid clarifies that he did not hang up on the plaintiff—he got disconnected—and that he called back and spoke to the plaintiff's brother, explained the situation and invited the plaintiff to call back whenever he felt necessary. Dkt. No. 26 at 1. Attorney Reid also states that he will use the newly executed authorizations that the plaintiff attached to his motion. Id. at 2. Counsel for the other defendants (the State defendants) states that she cannot provide the plaintiff with legal advice, nor will counsel discuss case information with someone other than the plaintiff. Dkt. No. 28 at 1.

The court has not received a reply from the plaintiff. The day after the court received the plaintiff's motion, the court issued an order staying the discovery and dispositive motions deadlines. Dkt. No. 27. Because of this, the plaintiff has received more time to complete discovery. This order sets new deadlines for the parties to complete discovery, so the court will grant his motion for an extension of time.

Regarding the plaintiff's request for help getting his legal work, it is not clear whether the plaintiff wants help getting the discovery requests the

3

defendants sent to him or getting his responses to the defendants' discovery requests. The plaintiff attached to his motion messages from an incarcerated person named Raymond Lewis, who the plaintiff says is helping him with this case. Dkt. Nos. 24-1 at 9-12. In one of the messages, Lewis says that he received a packet from the plaintiff on the "TENS unit lawsuit," which presumably is this case. Id. at 10. The messages reference "a packet on Lyrica" but in this case the plaintiff is not proceeding on a claim related to Lyrica.[1] Because it does not appear that the plaintiff needs help getting legal materials related to *this case*, the court will deny as moot his motion for help in getting his legal work.

Finally, the plaintiff suggests that the court could appoint him a lawyer. Dkt. No. 24 at 2. In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been

---

[1] "Lyrica" is a brand-name for pregabalin, a mediation that treats certain kinds of pain and seizures.

4

effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering,

preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

      The plaintiff has not satisfied the first requirement for the court to recruit a lawyer for him because he does not say that he has tried to find a lawyer on his own. To meet this requirement, he must provide the court with the names and contact information of at least three lawyers whom he asked to represent him, as well as their responses to him. Even if the plaintiff has made a reasonable attempt to find a lawyer on his own, the court would not recruit a lawyer for him at this early stage of the case, because he is capable of proceeding on his own for now. The plaintiff filed a comprehensive complaint describing the events surrounding his claim. His other filings show that he is very capable of communicating with counsel and the court as well as advocating for himself. The plaintiff's claim is straightforward; it involves the alleged denial of a TENs unit on September 15, 2022. The plaintiff already has shown that he can engage in discovery with the defendants regarding his claim. He also can respond to any motion(s) for summary judgment that the

6

Case 2:24-cv-00553-PP    Filed 08/26/25    Page 6 of 10    Document 38

defendants file. The court will deny without prejudice the plaintiff's motion to appoint counsel.

## II. Plaintiff's Motion for Injunction (Dkt. No. 29)

In his motion for injunction, the plaintiff requests his legal mail back from the institution or TextBehind; for his mail to get to inmate James Lewis and counsel for the defendants; for his institution to give him "all 3 open records in 30 day[s]"; and all his medication. Dkt. No. 29 at 4-5. The plaintiff states that James Lewis did not receive mail that the plaintiff sent to him on August 16, 2024. Id. at 1. He also states that he wrote three open records requests, but that his institution has not given them to him. Id. at 2. He does not say what he requested. The plaintiff asserts that he submitted HSU (health services unit) requests for medication refills and that he has been waiting for nine months to see his doctor. Id. He says that he has been missing his medication and that he has other medical concerns that have not been addressed. Id. at 3-4.

The defendants filed a joint response to the plaintiff's motion. Dkt. No. 31. They state the court should deny the motion because the issues the plaintiff raises do not relate to the claims he has brought in this case. Id. The defendants state that counsel for the State defendants inquired into the plaintiff's allegations regarding his legal mail and confirmed that these allegations do not relate to this case. Id. at ¶6.

The plaintiff replies that the issues raised in his motion relate to this case because Attorney Reid said that he did not receive discovery responses the

7

plaintiff sent to him. Dkt. No. 34 at 1. The plaintiff does not state what discovery responses Attorney Reid did not receive, but if Attorney Reid did not receive responses, he may discuss that with the plaintiff through correspondence, and if Attorney Reid feels that there are issues with the mail that are interfering with the parties' ability to exchange discovery, he may advise the court of that fact. The plaintiff also states that he tried to send mail to Lewis, but that Lewis did not receive it. Id. at 2. But as the court explained in the preceding section, messages from Lewis indicate that Lewis received documents from the plaintiff related to his TENs lawsuit (this lawsuit), and that he may not have received materials related to Lyrica medication (a different lawsuit).

The court cannot grant the plaintiff's motion for injunctive relief because the relief he seeks does not relate to this case. See Prucha v. Watson, Case No. 20-cv-00199, 2021 WL 11086448, at *2 (S.D. Ind. Dec. 15, 2021) (quoting DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)). See also Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (quoting Devose). The court will deny the plaintiff's motion for injunction.

### III. Defendants' Motion for Extension of Time to File a Motion for Summary Judgment on the Merits (Dkt. No. 37)

The defendants filed a joint motion to extend the deadline to file a motion for summary judgment on the merits. Dkt. No. 37. But as the court recounted above, it has stayed that deadline. On May 28, 2025, the court granted the defendants' motion for extension of time to file a motion for summary judgment on exhaustion grounds until July 22, 2025, and stayed the deadlines for the parties to complete discovery and file motions for summary judgment on the merits pending resolution of the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 27. The defendants did not file a motion for summary judgment on exhaustion grounds.

The defendants' motion for extension of time is not necessary, and the court will deny it as moot. The court will set new deadlines for the parties to complete discovery and file motions for summary judgment on the merits.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 24.

The court **DENIES AS MOOT** the plaintiff's motion for help with legal work. Dkt. No. 24.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 24.

The court **DENIES** the plaintiff's motion for injunction. Dkt. No. 29.

The court **DENIES AS MOOT** the defendants' motion for extension of time to file motion for summary judgment on the merits. Dkt. No. 37.

9

The court **ORDERS** that the deadline for the parties to complete discovery is December 5, 2025 and the deadline for the parties to file motions for summary judgment on the merits is January 9, 2026.

Dated in Milwaukee, Wisconsin this 26th day of August, 2025.

                                **BY THE COURT:**

                                _____
                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**

10

Case 2:24-cv-00553-PP   Filed 08/26/25   Page 10 of 10   Document 38